### No. 153

ATKINSON PRINTING CO. v. ATKINSON

Ohio Appeals, 9th Dist., Summit County

No. 840. Decided Dec. 10, 1923

663. INFANTS—On election to disaffirm a purchase the infant need not tender back the article purchased if he tenders it into court.

PARDEE, J.

Epitomized Opinion
First Publication of this Opinion

Original action in the Common Pleas by the next friend of Edgar R. Atkinson, plaintiff, a minor, to recover $200 paid by plaintiff to the Atkinson Printing Co., defendant, for two shares of defendant's capital stock. The petition alleged that plaintiff elected to disaffirm the purchase of the stock, that he had notified defendant company of the disaffirmance, had demanded the return of the $200 with interest and that he tendered the stock certificate into court. Defendant company demurred to the petition on the ground that it failed to state that plaintiff had offered to return the stock to defendant company while it admitted that he had possession of the stock. The demurrer was overruled. Defendant then filed an answer. Trial was subsequently had and judgment rendered for plaintiff. Defendant company prosecuted error on the single ground that the demurrer should have been sustained. Held:

1. Defendant by answering over after the overruling of its general demurrer did not waive its right to have the ruling passed upon

by a reviewing court. The proceeding in error will not be dismissed for want of a bill of exceptions when the only error alleged plainly appears in the transcript of the docket and journal entries.

2. Neither will the petition in error be dismissed because it was not filed within 70 days after the overruling of the demurrer, since that ruling was merely the disposition of a preliminary question. Motion by plaintiff proceedings in error overruled.

3. It was not necessary as a matter of law that the plaintiff tender the stock to the defendant before the filing of the petition. Neither was plaintiff required to disaffirm the contract or notify defendant of a disaffirmance before filing suit. Since the stock was tendered into court and the demurrer admitted that fact the demurrer was properly overruled.

Atoorneys—Herberich, Burroughs & Bailey, for Printing Co.; Robert C. Ryder, for Atkinson, all of Akron.